19-71322 and I believe that council in both cases are on both sides are appearing remotely and so all right so we're each side has 10 minutes we're ready thank you good morning your honors may it please the court my name is Octavian Jumanka counsel for petitioner Mr. Gonzalez-Godinez I would like to reserve minutes for rebuttal possible before the court there are two questions one is whether Mr. Gonzalez-Godinez is removable from the United States for his conviction under ORS Oregon revised statute 163.670 and if so if the immigration judge erred in precluding relief through cancellation of removal on account of this conviction despite finding the petitioner as rehabilitated I believe the court need not afford any change in deference under Skidmore to the agency's interpretation of a crime of child abuse to hold that this statute is not a crime of child abuse that is because this statute mostly mirrors the language and scope of CPC 288 c1 which this court had previously held in Menendez is not a crime of child abuse under the previous Chevron difference and that it did not require proof of an actual injury or a sufficiently high risk of harm as an element of the offense and it did not require that a defendant act with the mens rea of at least criminal negligence first this statute criminalizes using a child in a display of sexually explicit conduct including lewd exhibition for someone to observe or record these elements do not require the government to prove actual injury and you do not require to prove a high risk of harm as an element that absence under Menendez Menendez did not turn on whether the conduct is morally troubling in the ordinary case it turned on what the statute requires to convict here Oregon can obtain a conviction based on the existence of a display that fits the statutes definition without litigating injury and without litigating high-risk endangerment as a required element second it does not contain the kind of mens rea floor that Menendez uses as a dividing line the statutes operating verbs employ authorized permit compel induce do not themselves impose a mens rea of at least criminal negligence with respect to harm or risk of harm and critically the statute is not an endangerment statute does not ask whether the defendant created a danger to the child's well-being well-being it asks whether the defendant used cause or allowed participation in a statuary statutorily defined display so even if the government characterizes the offense as intentional sexual wrongdoing the point under Menendez is the statute still does not require the process that the prosecution prove the defendant acted with at least criminal negligence as to the injury or endangerment because injury endangerment is not an element in the jury must find at all as you may have noticed I sometimes use the past tense in referring to the statute and that is because this statute presents a unique situation in which the Oregon Court of Appeals has actually issued a ruling narrowing the precise statutory text that issued before this court specifically regarding the admittedly excessively broad definition that Oregon had previously afforded to the term lewd exhibition and that was in 2023 in state be Paris Sanchez where they focused on the display term there accounts were not based on photographs recordings or staging a child for an audience they were based on repeated intrusive live viewing of the defendant's minor daughter in ordinary undressed context conduct that the state argued became lewd solely because of the defendants own subjective sexual motivation the Court of Appeals recognized that to decide the statutory question the facts sparkly presented does sexual gratification alone transform passive observation into lewd exhibition those facts matter because adopting a purely subjective test would mean the same objectively ordinary nudity could become felony display depending entirely on what's in the viewers at a move the court said did not support and right raises constitutional and due process problems Paris Sanchez squarely acknowledged the pitfalls created by Oregon by earlier Oregon cases that drifted towards subjective conception of lewd exhibition where the observers intent could be could do too much work the court explained why that approach created overbreath when a minors nudity or sexual activity is self-initiated another person's unexpected observation or recording of it does not automatically transform the situation into lewd exhibition or mean that the observer permitted the child to what Paris Sanchez does is recognize this glaring hole in the statute and corrects that by making the inquiry objective the defendant permitted the child's actual participation in the conduct objectively can you go back to your mens rea argument you're saying that it doesn't meet the criminal negligence standard yes for the for the injury requirement so much like in Menendez this statute does not require any men's rea as to an actual injury to the child or pricing the heart the child at a fiery risk of harm but you have to use it you have to have intent you agree that's intent or knowledge that you're using a child in a display of sexually explicit conduct correct well that that's sort of really bleeds into this case because it sort of goes into the whole but the organ case the organ courts have repeatedly interpret the statute to require a mens rea of intent or knowledge am I wrong as to the as to the conduct or the age well your honor I'm not saying that you're wrong what I am saying is that at the very least when it comes to the actual harm or risk there has been a glaring change in the way this statute is now being prosecuted after 2023 and the way it was previously prosecuted which goes to the actual risk of harm and the or or any actual harm to the child and that would be the second but if you if you intentionally or with knowledge use a child in display of sexually explicit conduct how does that not lead to a risk of harm well that's what paracenters exemplified there is that a child I mean the whole issue was that if the conduct is self-initiated by the child and there's a no but you but you're using intent and knowledge that you're gonna explicitly you know display the child sexually it seems like it's slam-dunk for harm to the child but the the courts in Oregon have prosecuted cases in which there was the display included just self-initiated undressing and then just by virtue of the fact that it I just don't think kids can can consent to their being sexually displayed even if it's consensual it's it's still harmful to them even if they don't understand it well that's exactly what this case in Oregon recognizes that there can be a prosecution and there was a prosecution where there was a self-initiated undressing somebody observed and then the court or the trial the jury had to determine whether the viewers subjectively was aroused and if so he was punishable under the statute the question was well does that really create a risk or a harm to that child and if you read the concurrence in that case the court recognizes that at most something like this would qualify as an invasion of privacy under a different statutory law and that's why they chose us to restrain the definition of this element within the statute and adopt the federal generic definition and an objective an objective definition as well and I'll let your honor have any more questions for me otherwise I'll reserve my time all right you can do that thank you all right we'll hear from the government thank you your honor good morning may it please the court Kylie Kane on behalf of the Attorney General your honors mr. Gonzalez was convicted of what the Oregon State Court described as the most serious one of the most serious crimes in the state it is one of only four that are described as major felony sex crimes a class-a felony and the minimum conduct criminalized under this statute is knowingly causing a child to engage in lewd exhibition of their intimate parts for a person to observe or record and it's what the Oregon State Courts essentially call production of child pornography for display I think the Paris Inches case that my friend is referring to doesn't have that much impact on whether or not this case conviction falls under the definition of child abuse it probably has pretty big impact for criminal defendant that might be facing this charge State Court because it goes to what the prosecution has to show but under the old interpretation and under the new interpretation it went from like a subjective defendants intent to more objective criteria both of them require that you're showing a child sexual or other intimate parts for a salacious intent or focused on sex so all the Paris Inches case really did was change sort of the I guess evidentiary inquiry into the prosecution's burden to show what sexual explicit conduct really means and I take judge Buddha maze point and we made this point in the brief that essentially I mean all over these Oregon State Court decisions indicate that a child cannot consent to this kind of conduct now my friend on the other side is suggesting that what could happen is a child could self-initiate this sort of conduct and send it I guess to a defendant and they could be convicted but that's not at all true because there has to be an intentional or knowing act that induces or courses or permits a child to engage in conduct that they cannot consent to under Oregon state law and the Oregon Supreme Court has said and this is in the what do you what would you say as the mens re it's intentional or knowing okay intent or knowledge right yes yes and I didn't think that that was actually in dispute and I think there's a little bit of blurring I guess about conduct versus the men's right here I I think my friend probably does agree it's intentional or knowing what we're actually fighting over is whether the act itself I guess meets the maltreatment definition under Velasquez or whatever the court may come up with and the minimum conduct here has to be lewd it has to be lewd and all the Pereira Sanchez Oregon appellate court decision did was change its definition to an objective one rather than a one but that didn't change the mens rea for the statute and I think that's where I can disagree with his argument a little bit you know one of the through lines through a lot of the Oregon State Court decisions is that children cannot consent to this kind of conduct and that itself makes the conduct harmful so even under you know a very restrictive definition of crime of child abuse generic definition that might require harm would require intentionality or knowledge this would easily clear that bar using Oregon state law to support that these convictions require harm to a child because a child producing themselves for child pornography is full for sex and that's where the government's position could clear even the highest so you're saying in this case we don't have to reach what's the definition of a crime of child abuse child neglect or child abandonment and under any definition it meets the threshold so I mean I could not imagine one and Mr. Gonzalez's counsel is not advancing any definition that this wouldn't clear yes it doesn't really implicate the endangerment offenses or the criminal negligence mens rea and those things that you've discussed in these other cases if the court has no further questions I'm happy to yield my time I think the Oregon State law clearly clears the bar here and I have nothing further to add unless you have further inquiry we do not have further questions thank you okay thank you very much all right we'll go back to your friend on the other side has a few a little over a minute for rebuttal go ahead oh we can't hear you I just think you're on how I can I would like to go back to the actual harm element here I do think it's important to understand just how crucial the definition of subjective versus objective intent is here because we can imagine multiple scenarios where a subjective intent is just what the jury decides was in the mind of the person viewing or displaying or even seeing a child even a fully clothed child may have felt based on what the jury ears as evidence at the trial it does not create a standard that is uniform it opens the door for criminal conduct that falls way outside of the scope of what's recognized as a general generic federal offense here that is why this statute mirrors that within the one in Menendez where the court similarly said it was not a crime of child abuse because there is no actual harm and the statute as it was before this definition did not require a showing that this child was placed at a sufficiently high risk of harm now granted after the court's redefinition of this case and change of the erm of lewd and vicious one could say that yes this is now a crime of child abuse however this case shows that prior to this case it fell outside of that scope outside of the generic federal definition and criminalized conduct outside of that scope and that is why it's categorically not a crime of child abuse thank your honors all right thank you both for your argument today this matter will stand submitted
judges: CALLAHAN, BUMATAY, Rakoff